**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 21 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

LEROY SPANN,

      Plaintiff-Appellant,

v.

JANICE MELTON; MICHAEL J.
BARBY; and BILL JOHNSON
CORRECTIONAL CENTERS

      Defendants-Appellees.

Case No. 97-6157

(D.C. CIV-96-697-L)
(Western District of Oklahoma)

---

**ORDER AND JUDGMENT***

---

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

    *     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Leroy Spann, proceeding in forma pauperis, brought this pro se action under 42 U.S.C. § 1983 against the warden and an officer of the Bill Johnson Correctional Center in Alva, Oklahoma. Mr. Spann asserts violations of the Eighth and Fourteenth Amendments, caused by his alleged assault by defendant-appellant Officer Michael Barby and by Mr. Spann's subsequent transfer to a medium-security prison. Mr. Spann seeks $2,000,000.00 in compensatory damages for the alleged constitutional deprivations. The district court adopted the magistrate judge's report and recommendations that defendants' motion for summary judgment be granted. Mr. Spann appeals and we affirm.

"We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c)." Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995). Summary judgment is appropriate only if the uncontroverted material facts establish that the moving party is entitled to judgment as a matter of law. See Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir. 1991). We construe the record in the light most favorable to the nonmoving party. See Wolf, 50 F.3d at 796. In addition, because Mr. Spann is proceeding pro se, we must construe his pleadings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I. DISCUSSION

This suit arose from events transpiring on January 16, 1996, when Mr. Spann appropriated a roll of toilet tissue from the desk of Officer Barby. Mr. Spann alleges Officer Barby subsequently physically assaulted him, "without justification," Rec. doc. 1, at 3 (Compl.), in violation of the Eighth Amendment protection from cruel and unusual punishment.

### A. Physical Assault

A prison guard's use of force amounts to cruel and unusual punishment "only if it involves 'the unnecessary and wanton infliction of pain.'" Sampley v. Ruettgers, 704 F.2d 491, 495 (10th Cir. 1983) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). A *de minimis* use of force is not wanton and unnecessary unless it is "repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 9-10 (1992).

The magistrate judge noted that Mr. Spann "provided evidence of only minimal physical contact between himself and [Officer] Barby," Rec. doc.13, at 9, and on appeal Mr. Spann concedes he "was not physically harmed in [the] assault." Aplt's Br. at 2. Therefore, we agree with the district court that the physical assault claim should fail.

However, in lieu of pressing his physical assault cause of action, Mr. Spann

alleges a conspiracy to "subject him to mental anguish." See id. But he presents us with no facts in support of this claim, and he failed to raise it below. Therefore, we find it without merit and decline to discuss it further.

We also agree with the magistrate judge that, were there merit to Mr. Spann's claims, Warden Melton would be entitled to qualified immunity, as there is no evidence Warden Melton personally participated in or knowingly acquiesced to the alleged use of force by Officer Barby. See Rec. doc. 13, at 10 (citing Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978); Jenkins v. Wood, 81 F.3d 988, 994-95 (10th Cir. 1996)).

**B. Transfer to Medium-Security Prison**

Mr. Spann also alleges that his transfer to a medium-security facility violated his constitutional rights. We have held that Oklahoma's prison system creates no protected liberty or property interest which requires due process to transfer an inmate. Twyman v. Crisp, 584 F.2d 352, 355-57 (10th Cir. 1978). "[T]he due process clause does not protect a prisoner from being transferred from one institution to another within a state prison system." Id. at 355 (citing Meachum v. Fano, 427 U.S. 215, 228 (1976)).

Mr. Spann also intimates that his transfer was a violation of the Eighth Amendment, because the placement in a medium-level facility endangered his life. As the magistrate judge noted, Mr. Spann "has failed to present facts

4

sufficient to demonstrate a material factual dispute as to either the existence of a substantial risk or of serious harm" that might support a finding of deliberate indifference on the part of the defendants. Rec. doc. 13, at 12 (citing <u>Riddle v. Mondragon</u>, 83 F.3d 1197, 1205 (10th Cir. 1996) (holding that plaintiff alleging Eighth Amendment violation from the failure to protect his safety "must furnish more than a conclusory claim of being afraid. . . .")). The district court correctly granted summary judgment to defendants on this claim.

## II. CONCLUSION

Accordingly, we AFFIRM the decision of the district court. The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry
Circuit Judge